UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD W. PORTER,

    Plaintiff,

    v.     Civil Action No. 22-40101-ADB

COMMONWEALTH OF MASSACHUSETTS, et al.,

    Defendant.

MEMORANDUM AND ORDER

BURROUGHS, D.J.

    Plaintiff Richard W. Porter, who is proceeding *pro se*, brings this action against the Commonwealth of Massachusetts and the Worcester Recovery Hospital ("Hospital"), where he is currently confined. Porter has also filed a motion for leave to proceed *in forma pauperis* and various other motions. For the reasons set forth below, the Court will dismiss this action.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

    The Court GRANTS the motion for leave to proceed *in forma pauperis*.

**II.     Review of the Complaint**

    When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that the complaint is not frivolous or malicious, does not seek monetary relief against a defendant who is immune from such relief, and states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). The Court also has an obligation to examine consider whether it has jurisdiction over an action. In conducting this review, the Court liberally construes the complaint because Porter is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Porter's complaint consists of the following:

> Now comes Richard W. Porter, and complains that, on November 12, 2020 I was abducted by the Mass. State Police, they took me to court, Malden Court, that court sentenced me to 6 months at the Worcester Recovery Hospital because I have Parkinson's [disease].  The court had no trial, no conviction, they sentenced me against the law.  After 6 months passed that hospital committed me for one year more.  Then after one year passed a total of one year nine months, they committed me again for one year.  No trial, conviction.  The hospital is state run.  I lost my Social Security Income, @$774.- per month, anticipated wages $300,000, rental income $80,000.  My insurance company is paying the hospital $3,000 per day.  Thus I move to be paid $10,000 per day @ 2½ years.  To cover my damages and being held against my will.

Compl. [ECF No. 1] at 3 (spelling and capitalization standardized).  In some of the motions Porter subsequently filed, he asks that this Court vacate an August 31, 2022 commitment order and to order his discharge.  [ECF Nos. 12, 16, 18].

Here, Porter has failed to state a claim upon which relief may be granted.  Challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").  Porter's pleading is not a petition for a writ of habeas corpus.

Further, Porter seeks damages which would not be available in a proper habeas action as the only relief available through a habeas petition is release from the challenged confinement.  *See id.* at 751.  Even if Porter was not seeking damages, the Court would decline to construe his pleading as a petition for a writ of habeas corpus.  "Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621 (1998), and it is generally available only in the absence of any other remedy, *see Stack v. Boyle*, 342 U.S. 1, 6 (1951).  In addition, as appears to be the case here, "prudential concerns, such as comity and the orderly administration of criminal

justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren,* 553 U.S. 674, 693 (2008).

Under the circumstances, it would be improper for the Court to exercise its habeas jurisdiction. There is no basis for the Court to believe that Porter is without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in federal court. The Massachusetts state courts are courts of competent jurisdiction, and an order of commitment issued by a state trial court may be reviewed by a state appellate court. Porter's complaint does not suggest that any appellate review of the commitment order has been completed or that he has sought other relief within the state court system to challenge the legality of his commitment. The Court notes that, in some of his many motions, Porter raises issues that are outside the purview of the matters raised in his complaint and even beyond the Court's jurisdiction. Thus, the Court will not consider them.

### III. Conclusion

For the reasons set forth above, the Court hereby orders:

1. Porter's motion for leave to proceed *in forma pauperis* is GRANTED.

2. All other motions are DENIED without prejudice.

3. This action is DISMISSED without prejudice.

IT IS SO ORDERED.

  1/23/2023                                           /s/ Allison D. Burroughs
DATE                                                 UNITED STATES DISTRICT JUDGE